## ENVIRONMENTAL RESEARCH CENTER

v.

## HEARTLAND PRODUCTS.

Case No. 2:14–cv–03364–SVW–VBK.

United States District Court, C.D. California.

Signed July 10, 2014.

William F. Wraith, Wraith Law, Irvine, CA, for Environmental Research Center.

Peter A. Arhangelsky, Emord and Associates PC, Chandler, AZ, for Heartland Products, Inc.

## IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT [13]

STEPHEN V. WILSON, District Judge.

Paul M. Cruz, Deputy Clerk.

Plaintiff Environmental Research Center, Inc. filed a complaint in the Los Angeles County Superior Court against defendant Heartland Products, Inc. alleging violations of California Health & Safety Code § 25249.5 ("Proposition 65"). Plaintiff brought its private enforcement action "in the public interest" pursuant to Cal. Health & Safety Code § 25249.7(d). Plaintiff does not allege it was individually injured by defendant's alleged conduct. Defendant, a North Dakota corporation, removed the case here alleging diversity jurisdiction. 28 U.S.C. § 1332.

Plaintiff moves to remand this case to state court pursuant to 28 U.S.C. § 1447(c) on the ground that plaintiff lacks standing under Article III of the United States Constitution to pursue its private Proposition 65 enforcement action in federal court. Defendant argues that Proposition 65 is a

*qui tam* statute similar to the federal False Claims Act, which permits a partial assignment of the federal government's damages claim to a private plaintiff, who then "has standing to assert the injury in fact suffered by the assignor." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). The question presented by the motion is whether California Health & Safety Code § 25249.7(d), by permitting assignment of a Proposition 65 public interest claim to a private plaintiff, similarly gives rise to Article III standing.

■■■ "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). In addition, as the party invoking federal jurisdiction, defendant bears the burden of establishing the existence of a case or controversy under Article III, including "the core component of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "[A] plaintiff must meet three requirements in order to establish Article III standing." *Vermont Agency*, 529 U.S. at 771, 120 S.Ct. 1858. First, there must be " 'injury in fact'—a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.' " *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). Second, the defendant's conduct must have caused the injury. *Id.* Third, the relief sought must provide a remedy for the injury. *Id.*

■■■ While "state law can create interests that support standing in federal courts," *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir.2001), this is because state law can confer legal rights on individuals, "the invasion of which creates standing," *FMC Corp. v. Boesky*, 852 F.2d 981, 992 (7th Cir.1988). In contrast, Proposition 65 merely confers a private enforcement right on a plaintiff to seek redress for an injury to the public interest. In the former situation, it is the violation of the plaintiff's individual legal right, which is a creation of state law, that constitutes the Article III injury. *See FMC Corp.*, 852 F.2d at 992. Proposition 65 does not create any individual legal right. Instead, it permits a private party to seek injunctive relief and penalties for an injury incurred by the State of California. *See* Cal. H. & S.Code § 25249.7. Because a state is not a citizen for purposes of diversity jurisdiction, *Moor v. Alameda County*, 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), if the State of California had brought this Proposition 65 enforcement action, defendant would have had no right to remove it to federal court. The burden is on defendant to explain why the result should be different when a private citizen steps into the state's shoes.

The California Supreme Court has recently explained in the context of California's Private Attorneys General Act of 2004, which permits private enforcement of the Labor Code, that in a representative *qui tam* action, "[t]he government entity on whose behalf the plaintiff files suit is always *the real party in interest* in the suit." *Iskanian v. CLS Transportation Los Angeles LLC*, 59 Cal.4th 348, 382, 173 Cal.Rptr.3d 289, 327 P.3d 129 (2014) (emphasis added). In a PAGA action, state law "limit[s] *qui tam* plaintiffs to willing employees who had been aggrieved by the employer," *id.* at 152, 173 Cal.Rptr.3d 289, 327 P.3d 129, so a PAGA plaintiff necessarily has suffered an individual injury as a result of a violation of the Labor Code. Proposition 65, in contrast, imposes no such "actual injury" requirement on a private citizen suing to enforce the warning requirement of Health & Safety Code

§ 25249.6. Therefore, a private citizen Proposition 65 plaintiff in federal court must allege more than a bare violation of § 25249.5 or § 25249.6 to establish the existence of an Article III injury.

 Defendant seeks to circumvent the actual injury requirement of Article III by arguing that the *qui tam* exception to that requirement recognized by the United States Supreme Court should be expanded beyond the four federal *qui tam* statutes to also include state *qui tam* statutes. If this argument is correct, then Proposition 65 should "reasonably be regarded as effecting a partial assignment of the [State of California's] damages claim" to the private plaintiff, who would then have "standing to assert the injury in fact suffered by the assignor." *Vermont Agency*, 529 U.S. at 773, 120 S.Ct. 1858. Congress clearly has the authority to enact statutes permitting partial assignment of a *federal* damages claim to a private citizen to enable the citizen to bring suit in federal court on the government's behalf. *Id.* at 773–78, 120 S.Ct. 1858. But it does not follow that the states have a similar authority to assign state law damages claims to their citizens and thereby permit their citizens to bring suit on the states' behalf in federal court. *Cf. id.* at 776–77, 120 S.Ct. 1858 ("[I]mmediately after the framing, the First Congress enacted a considerable number of informer statutes," demonstrating that it considered these federal *qui tam* actions to be "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.") (citation and internal quotation marks omitted); *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F.Supp. 925, 929 (N.D.Cal.1992) (Congress may override prudential limitations on Article III's actual injury requirement, but "it is quite another thing to suggest that the states have the same power...."). For this reason, defendant's argument that state *qui tam* statutes stand on an equal footing with federal *qui tam* statutes for the purposes of Article III standing fails to satisfy defendant's burden of showing that removal was proper in this case.

For the foregoing reasons, the Court hereby VACATES the hearing previously scheduled for July 21, 2014, GRANTS plaintiff's motion to remand, and directs the Clerk to REMAND this case to the Los Angeles County Superior Court.